FILED

JUL 31 2026

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| In re:<br><br>JOSEPH HENRY HORAN,<br><br>Debtor.<br><br>JOSEPH HENRY HORAN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION; NAVIENT FEDERAL LOAN TRUST; NAVIENT PRIVATE LOAN TRUST; MISSOURI HIGHER EDUCATION LOAN AUTHORITY (MOHELA); ASCENDIUM EDUCATION SOLUTIONS, INC.; THE CATHOLIC UNIVERSITY OF AMERICA; and UNIVERSITY ACCOUNTING SERVICE, LLC,<br><br>Defendants. | **Bankruptcy Case No. 26-41949-mxm7**<br><br>**Chapter 7**<br><br>**Adversary Proceeding No.**<br><br>________________<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN DEBT UNDER 11 U.S.C. § 523(a)(8)** |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN DEBT**

Plaintiff Joseph Henry Horan, appearing pro se, files this Complaint against the above-named Defendants to determine the dischargeability of educational debt under 11 U.S.C. § 523(a)(8), and alleges as follows:

## I. NATURE OF THE ACTION

1. This is an adversary proceeding to determine whether excepting Plaintiff's student loan obligations from discharge would impose an undue hardship on Plaintiff and his dependents within the meaning of 11 U.S.C. § 523(a)(8).

2. Plaintiff seeks a judgment declaring that the six student loan obligations identified below are dischargeable, in whole or to the fullest extent permitted by law.

## II. JURISDICTION, VENUE, AND AUTHORITY

3. This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157.

4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and Federal Rule of Bankruptcy Procedure 7001(6).

5. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409 because Plaintiff's Chapter 7 case is pending in this Court.

6. Plaintiff consents to the entry of final orders and judgment by the Bankruptcy Court.

## III. THE PARTIES

7. Plaintiff Joseph Henry Horan is the debtor in In re Joseph Henry Horan, Case No. 26-41949-mxm7, pending in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division.

8. Defendant United States Department of Education owns, guarantees, administers, or claims an interest in one or more of Plaintiff's federal student loan obligations.

9. Defendant Navient Federal Loan Trust owns or claims an interest in Plaintiff's two Federal Family Education Loan Program consolidation loans.

10. Defendant MOHELA services Plaintiff's federal and private student loan accounts.

11. Defendant Ascendium Education Solutions, Inc. guarantees or claims an interest in Plaintiff's federal FFELP consolidation loans.

12. Defendant Navient Private Loan Trust owns or claims an interest in Plaintiff's two private Signature Student Loans.

13. Defendant The Catholic University of America owns or claims an interest in Plaintiff's two institutional student loans.

14. Defendant University Accounting Service, LLC services Plaintiff's two institutional student loans.

15. Plaintiff names the foregoing entities because each owns, guarantees, services, administers, or asserts an interest in one or more obligations for which Plaintiff seeks a dischargeability determination. Plaintiff requests that each Defendant identify the precise ownership and servicing chain for the applicable loans.

Plaintiff names each Defendant because each is identified in Plaintiff's loan records or related account documentation as the owner, guarantor, servicer, administrator, or other entity claiming or potentially claiming an interest in one or more of the educational obligations at issue. Plaintiff seeks a determination that will bind all parties asserting any legal or equitable interest in those obligations so that the dischargeability of each educational debt may be finally adjudicated in a single proceeding.

## IV. BANKRUPTCY CASE AND STUDENT LOAN OBLIGATIONS

16. On May 8, 2026, Plaintiff filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in this Court.

17. Plaintiff incurred the educational debt at issue in connection with his attendance at The Catholic University of America.

18. As of July 10, 2026, the approximate aggregate balance of the six obligations was $99,790.78, consisting of the following:

a. FFELP Consolidation Loan 1-10, approximate balance $9,698.73, serviced by MOHELA and associated with Navient Federal Loan Trust and Ascendium;

b. FFELP Consolidation Loan 1-11, approximate balance $45,459.91, serviced by MOHELA and associated with Navient Federal Loan Trust and Ascendium;

c. Private Signature Student Loan account ending 6011, approximate balance $17,028.05, owned by Navient Private Loan Trust and serviced by MOHELA;

d. Private Signature Student Loan account ending 6029, approximate balance $22,978.59, owned by Navient Private Loan Trust and serviced by MOHELA;

e. Thomas Pangborn Student Loan Fund account ending 1156, approximate balance $2,928.79, owned by The Catholic University of America and serviced by University Accounting Service, LLC; and

f. Ralph Parson Foundation Loan Fund account ending 2385, approximate balance $1,696.71, owned by The Catholic University of America and serviced by University Accounting Service, LLC.

19. Plaintiff's combined original borrowing was approximately $53,577.72. Despite approximately $28,247.64 in lifetime payments, the aggregate balance has nearly doubled because Plaintiff's income has been insufficient to cover accruing interest.

The private loans are in forbearance through approximately May 16, 2027, at which time the anticipated monthly payment on the private loans alone is approximately $350.00. The institutional loans are past due and, when both the private and institutional loans are in repayment, Plaintiff anticipates combined monthly payments of approximately $450.00.

21. To the extent any private or institutional obligation is determined not to fall within 11 U.S.C. § 523(a)(8), Plaintiff requests a declaration that such obligation was discharged in the underlying Chapter 7 case. To the extent an obligation is covered by § 523(a)(8), Plaintiff seeks discharge because repayment would impose an undue hardship.

## V. FACTUAL ALLEGATIONS SUPPORTING UNDUE HARDSHIP

22. Plaintiff is unemployed and suffers from schizoaffective disorder, bipolar type, a severe, chronic, and treatment-resistant psychiatric disability that materially limits his ability to obtain and sustain full-time competitive employment.

23. Plaintiff has undergone extensive psychiatric treatment, has tried numerous medications that were ineffective or caused severe adverse effects, and has experienced multiple psychiatric hospitalizations. His current treatment provides only partial symptom control.

24. Plaintiff also suffers from physical conditions that independently restrict his ability to work, including cervical spinal stenosis with radiculopathy, chronic muscular dysfunction, Type 2 diabetes, hypertension, hypertriglyceridemia, and hypercholesterolemia.

25. Plaintiff worked for many years despite his illness, including approximately ten years in oxygen-delivery work. His disability limited his advancement, repeatedly disrupted his employment, required extended medical leave, and ultimately rendered him unable to sustain full-time work.

26. Plaintiff's most recent full-time employment ended on February 7, 2026. He presently receives approximately $2,427.00 per month in gross unemployment compensation.

27. Approximately $1,213.50 per month is withheld from Plaintiff's unemployment compensation for court-ordered child support, leaving approximately $1,213.50 in monthly take-home income.

Plaintiff's verified necessary monthly expenses are approximately $2,113.00 while the private and institutional loan payments are suspended. Upon reinstatement of both the private

and institutional loan payments, Plaintiff's monthly expenses will increase to approximately $2,563.00, reflecting anticipated combined monthly payments of approximately $450.00 ($350.00 for the private loans and approximately $100.00 for the institutional loans to say nothing of the federal loans).

29. Plaintiff therefore experiences a monthly deficit of approximately $899.50 under current conditions and approximately $1,349.50 if private and institutional loan payments resume.

30. The deficit exists even though Plaintiff lives with his elderly parents and presently pays no rent or utilities because he cannot afford independent housing.

31. Plaintiff is the non-custodial father of four minor children and incurs recurring court-ordered visitation, transportation, food, activity, health-support, and child-support expenses.

32. Plaintiff also provides substantial daily physical assistance to his elderly parents. These obligations further constrain his time, physical capacity, and ability to pursue additional income.

33. Plaintiff has no meaningful disposable income, no non-exempt asset base from which the loans can be paid, and no realistic ability to fund a Chapter 13 repayment plan.

## VI. COUNT ONE — UNDUE HARDSHIP UNDER 11 U.S.C. § 523(a)(8)

34. Plaintiff incorporates paragraphs 1 through 33 as though fully set forth herein.

35. The Fifth Circuit applies the three-part test stated in Brunner v. New York State Higher Education Services Corp., 831 F.2d 395 (2d Cir. 1987), to determine undue hardship. See United Student Aid Funds, Inc. v. Gerhardt (In re Gerhardt), 348 F.3d 89, 91-92 (5th Cir. 2003).

### A. Plaintiff Cannot Maintain a Minimal Standard of Living if Required to Repay the Loans

36. Plaintiff's monthly take-home income is approximately $1,213.50, while his necessary monthly expenses are at least approximately $2,113.00. He is already operating at a substantial deficit before making any student loan payment.

37. Plaintiff's budget contains no material discretionary surplus. Requiring payment would force Plaintiff to forgo food, transportation, medical care, court-ordered family obligations, or other basic necessities.

38. The federal repayment system has independently calculated a $0.00 monthly payment on Plaintiff's federal consolidation loans, confirming that his present income is below the level at which a positive income-based payment is required.

39. Accordingly, Plaintiff cannot maintain a minimal standard of living for himself and his dependents if required to repay the loans.

**B. Additional Circumstances Show That the Hardship Is Likely to Persist**

40. Plaintiff's hardship is not a temporary consequence of ordinary unemployment. It arises from a chronic, treatment-resistant psychiatric disability, recurring hospitalizations, medication intolerance, physical impairments, and a documented history of disability-related employment disruption.

41. Plaintiff's disability suppressed his earning capacity even during years when he was employed and has now progressed to the point that he cannot reliably sustain full-time competitive employment.

42. Plaintiff's current treatment provides only partial relief, and there is no reasonable prospect that his earning capacity will increase sufficiently to service nearly $100,000 in student loan debt during the remaining repayment period.

43. Plaintiff's ongoing support and visitation obligations to his children, his tenuous housing situation, and his caregiving responsibilities for his elderly parents reinforce the persistence of his hardship.

44. Accordingly, additional circumstances demonstrate that Plaintiff's inability to repay while maintaining a minimal standard of living is likely to persist for a significant portion of the repayment period.

**C. Plaintiff Has Made Good-Faith Efforts to Repay**

45. Plaintiff has worked and attempted to remain employed throughout his adult life despite severe illness.

46. Plaintiff has made approximately $28,247.64 in lifetime payments, including approximately $27,190.41 on the private loans and approximately $1,057.23 on the federal loans.

47. Plaintiff has made or received credit for 67 qualifying Income-Based Repayment payments on each federal consolidation loan, has communicated with servicers, and has sought deferment, forbearance, hardship relief, and income-driven repayment options.

48. Plaintiff's inability to make larger or more consistent payments results from lack of financial capacity, not an unwillingness to repay.

49. Plaintiff sought Chapter 7 relief only after his financial condition and repayment efforts made clear that no feasible repayment arrangement existed.

50. Accordingly, Plaintiff has made good-faith efforts to repay the educational debt.

51. Requiring Plaintiff to repay the obligations identified in paragraph 18 would impose an undue hardship within the meaning of 11 U.S.C. § 523(a)(8).

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment determining that the six student loan obligations identified in paragraph 18 are dischargeable under 11 U.S.C. § 523(a)(8) because repayment would impose an undue hardship;

B. Alternatively, determine that any obligation not within the scope of 11 U.S.C. § 523(a)(8) was discharged in Plaintiff's Chapter 7 case;

C. Determine the rights, interests, ownership, and servicing status of the Defendants with respect to the obligations at issue;

D. Enjoin collection of any debt determined to be discharged, consistent with 11 U.S.C. § 524;

E. Award Plaintiff allowable costs, if any; and

F. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted and signed,

Date 7-31-26

**Joseph Henry Horan, Pro Se**
5659 Vega Drive
Fort Worth, Texas 76133
Telephone: 817-333-7028
Email: jhchoran@gmail.com

Plaintiff

B1040 (FORM 1040) (12/24)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** Joseph Henry Horan | **DEFENDANTS** US Department of Education MOHELA; Navient Federal Loan Trust; Navient Private Loan Trust; Ascendium Education Solutions; The Catholic University of America; University Accounting Services |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Joseph Henry Horan email jhchoran@gmail.com 5659 Vega Dr. Fort Worth, TX 76133 ph 817-333-7028 | **ATTORNEYS** (If Known) Unknown |
| **PARTY** (Check One Box Only) ☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditors ☒ Other ☐ Trustee Student Loan Servicers, Guarantors |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to determine dischargeability of student loan debt under 11 USC § 523(a)(8)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(f) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☒ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

FILED
JUL 31 2026
CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought: Declaratory judgment; determine ownership/servicing; enjoin collection; other proper relief.

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Joseph Henry Horan | BANKRUPTCY CASE NO.<br>26-41949-mxm 7 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Texas | DIVISION OFFICE<br>Fort Worth | NAME OF JUDGE<br>Hon. Mark X. Mullin |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>7-31-26 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Joseph Henry Horan pro se | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.